# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| MATTHEW WASHINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV415-068 |
| ) | |
| JUDGE MICHAEL KARPF; and STATE ) | |
| BOARD OF PARDONS AND PAROLES, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Matthew Washington is a serial litigator enjoined by this Court from filing any more civil lawsuits absent "a $1,500 contempt bond." *Washington v. Alaimo*, 934 F. Supp. 1395, 1400 (S.D. Ga. 1996) (imposing Fed. R. Civ. P. 11 sanctions, including the litigation bond, in response to Washington's vexatious filings and his infamous "motion to kiss my ass"). Last year, this Court dismissed one of Washington's complaints for violating that injunction. *Washington v. West*, CV614-024, doc. 5 (S.D. Ga. May 6, 2014).[1] Washington has now filed two more 42 U.S.C. § 1983

---

[1] Washington filed an earlier iteration of that case, *Washington v. West*, CV613-096, doc. 5 (S.D. Ga. Oct. 24, 2013), but the Court approved his request for its voluntary dismissal. He also has filed, *inter alia*, a "Motion For Reconsideration" in the *Alaimo* case, CV695-104, where he basically asks the district judge to vacate the contempt

cases without satisfying the bond requirement: This case and *Washington v. Chatham Cty. Police Dep't.*, CV415-005 (S.D. Ga. Jan. 8, 2015).[2] In this case he sues a sitting state court judge and Georgia's Board of Pardons and Paroles for "racial hate and racial discriminations" exhibited by their failure to release him on parole. Doc. 1 at 6.

The Prison Litigation Reform Act (PLRA), enacted in 1996, includes the "three strikes" provision in 28 U.S.C. § 1915(g). Under that provision a prisoner may not proceed with a civil action (or appeal) if he "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Wright v. Polk County*, 556 F. App'x 873, 874-75 (11th Cir. 2014) (upholding § 1915(g) based dismissal upon three strikes and plaintiff's failure to pay the fee when he initiated his lawsuit).

---

bond: "I was wrong but I request that this court not make [the bond permanent] because I have learned not to play with courts like that." Doc. 58 (filed Jan. 30, 2015).

[2] The undersigned has, this date, issued a Report and Recommendation recommending the dismissal of CV415-005.

Washington had two post-PLRA strikes before he even filed this latest case (which, by the way, also counts as a strike). *Washington v. West*, CV614-024, doc. 6 (S.D. Ga. May 6, 2014); *see also id.* doc. 11 (appellate dismissal of that case on abandonment grounds). And he had already racked up more than three strike-level cases by 1996.[3] *Alaimo*, 934 F. Supp. at 1397-99 (collecting cases). Nor does he plead any "imminent danger" facts to overcome the § 1915(g)-bar. *See Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999).

Hence, this case is barred outright by § 1915(g) and must be **DISMISSED WITHOUT PREJUDICE**.

**SO REPORTED AND RECOMMENDED**, this 28TH day of April, 2015.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3] "The three strikes rule in 28 U.S.C. § 1915(g) applies to pre-PLRA cases." *Anderson v. United States*, 2014 WL 2625194 at * 1 (M.D. Fla. June 12, 2014) (citing *Rivera v. Allin*, 144 F.3d 719, 732 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007)). Baseless appeals also count as strikes. *Boney v. Hickey*, 2014 WL 4103918 at * 4 (S.D. Fla. Aug. 15, 2014).